IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LORI A. SIDNER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 16-00223-KD-B |
| ) | |
| **NANCY BERRYHILL,**[1] ) | |
| **Acting Commisioner of Social** ) | |
| **Security,** ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's unopposed[2] Application for Attorney Fees Under the Equal Access to Justice Act (EAJA) and Defendant's response thereto. (Docs. 19, 21). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of the motion, the Commissioner's lack of opposition thereto (Doc. 21), and all

---

[1] Nancy Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Nancy Berryhill should be substituted for Carolyn W. Colvin as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] On April 3, 2017, the Commissioner filed a response to Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA") stating that she does not oppose Plaintiff's motion and that she agrees to pay Plaintiff $2,931.02 in attorney's fees under the EAJA. (Doc. 21).

other pertinent portions of the record, it is the recommendation of the undersigned that the motion is due to be GRANTED and that Plaintiff should receive a reasonable fee in the amount of $2,931.02 under the Social Security Act for legal services rendered by her attorney in this Court.

Plaintiff commenced this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner denying her application for a period of disability and disability insurance benefits. (Doc. 1). An order reversing and remanding the case for further administrative proceedings was entered on December 12, 2016, following the Government's request that the matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g), which the Court construed as a tacit admission that Plaintiff's application was not appropriately considered. (Docs. 16, 17, 18). Plaintiff is thus the prevailing party.

Plaintiff timely filed a motion for attorney fees under the EAJA in the amount of $2,931.02. (Doc. 19). The Commissioner filed a response consenting to the payment of $2,931.02 to Plaintiff as attorney fees under the Act. (Doc. 21).

The undersigned finds, based on Plaintiff's application and the formula set forth in Lucy v. Astrue, 2007 U.S. Dist. LEXIS 97094, *13-14 (S.D. Ala. July 5, 2007), that an hourly rate of

$191.57 is appropriate.[3] The undersigned further finds that 15.30 hours is a reasonable number of hours for attorney time expended representing Plaintiff in federal court.[4] Thus, considering 15.30 hours of work performed at a rate of $191.57 per hour, Plaintiff is entitled to the agreed upon attorney's fees of $2,931.02.

Upon consideration of the pertinent pleadings, it is the recommendation of the undersigned that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act be GRANTED, and that Plaintiff be awarded a reasonable attorney's

---

[3] In Lucy, the following formula, based on the CPI, was utilized: ($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted. Id., 2007 U.S. Dist. LEXIS 97094, at *13-14. The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment. Id. at *5-6. As discussed in Plaintiff's application, the Lucy formula applied in this case ($125 x 233.561/152.4) yields an hourly rate of $191.57, which the undersigned finds is reasonable.

[4] Plaintiff has attached to the motion a time sheet detailing the description of work performed, the time expended, and the date on which the work was performed. (Doc. 19-1 at 1-2). The undersigned has reviewed this document and has considered the circumstances presented, as well as the usual number of hours billed by attorneys in similar actions. See, e.g., Clausell v. Astrue, 2012 U.S. Dist. LEXIS 167856, *7, 2012 WL 5933025, *2 (S.D. Ala. Nov. 27, 2012) (awarding attorney fees under the EAJA and finding 19.2 hours of attorney time in a social security case to be reasonable); Carter v. Astrue, 2012 U.S. Dist. LEXIS 132089, *4-5, 2012 WL 4077289, *2 (M.D. Fla. Sept. 17, 2012) (accord) (finding 14 hours of attorney time in a social security case to be reasonable).

fee in the amount of **$2,931.02** under the EAJA for legal services rendered by her attorney in this Court.[5]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

---

[5] The Supreme Court has held that an EAJA "fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Astrue v. Ratliff, 560 U.S. 586, 589, (2010). "'In light of Ratliff, [the best] practice [is] to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. The Court leaves it to the discretion of the Commissioner to determine whether to honor [any] assignment of EAJA fees.'" Napier v. Colvin, 2014 U.S. Dist. LEXIS 89291, *15 n.1, 2014 WL 2960976, *1 n.1 (S.D. Ala. July 1, 2014) (citations omitted); Blackwell v. Colvin, 2015 U.S. Dist. LEXIS 23070, *9 n.4, 2015 WL 846423, *3 n.4 (S.D. Ala. Feb. 26, 2015).

4

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice" *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **7th** day of **April, 2017.**

              **/s/ SONJA F. BIVINS**
              **UNITED STATES MAGISTRATE JUDGE**